NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

DANIEL VARGAS NAVARRO, JR., *Appellant.*

No. 1 CA-CR 18-0106
FILED 8-2-2018

Appeal from the Superior Court in Yavapai County
No. P1300CR201601596
The Honorable Patricia A. Trebesch, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Nicole Countryman, Phoenix
*Counsel for Appellant*

_____

## MEMORANDUM DECISION

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Peter B. Swann joined.

_____

**P E R K I N S**, Judge:

¶1 Daniel Vargas Navarro Jr. appeals his convictions and sentences for possession of dangerous drugs and possession of drug paraphernalia. Navarro's defense counsel certified that he searched the entire record and identified no arguable question of law that is not frivolous. Therefore, under *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), defense counsel asked this Court to search the record for fundamental error. Navarro was given an opportunity to file a supplemental brief *in propria persona*, but has not done so. We have reviewed the record and found no error. Accordingly, Navarro's convictions and resulting sentences are affirmed.

## FACTUAL AND PROCEDURAL HISTORY

¶2 In December 2016, officers responding to a 911 call found Navarro lying in the backseat of his parked vehicle in a store parking lot. When the officers approached Navarro's vehicle, they asked him to step out. Navarro complied. The officers later testified that Navarro's body movements suggested he was impaired by methamphetamine. When the officers asked Navarro for his driver's license, Navarro stated that he did not have one with him, but that the officers could grab the photocopy he had on the vehicle dashboard. As one of the officers retrieved the copy of Navarro's license, he noticed that on the floorboard there was a scale and a small plastic bag that contained a crystalline substance that appeared to be methamphetamine. The officer also observed other empty small plastic bags in the vehicle.

¶3 Navarro was charged with one count of possession of dangerous drugs for sale, a class two felony. However, at his trial, the court allowed the inclusion of instructions for a lesser included offense—possession of dangerous drugs. Navarro was also charged with one count of possession of dangerous drug paraphernalia and one count of aggravated driving or actual physical control while under the influence.

¶4   During trial, a forensic scientist for the Arizona Department of Public Safety testified. He provided a report that he tested one of the small plastic bags found in Navarro's car and identified the substance as 10.4 grams of methamphetamine. Navarro also testified, admitting that he was in possession of methamphetamine, but that it was for personal use and not for sale.

¶5   Navarro was convicted of one count of possession of dangerous drugs, a class four felony, and one count of possession of dangerous drug paraphernalia, a class six felony. The State alleged an aggravating circumstance that Navarro was on parole when he committed the offense, and the jury found the aggravating circumstance proven beyond a reasonable doubt. In addition, based on certified court records provided by the State, the court found that Navarro had committed two felonies within the past ten years as statutory aggravating factors. As to count one—possession of dangerous drugs—the court gave Navarro an aggravated sentence of eleven years. As to count two—possession of dangerous drug paraphernalia—the court gave Navarro the presumptive sentence of 3.75 years. The sentences imposed on each count run concurrently, and Navarro was appropriately awarded 407 days of presentence incarceration credit.

## DISCUSSION

¶6   On appeal, we view the facts as reflected in the record in the light most favorable to sustaining the conviction. *State v. Harm*, 236 Ariz. 402, 404 n.2 (App. 2015). Our review reveals no fundamental error. *See Leon*, 104 Ariz. at 300 (describing our *Anders* review process). A person commits possession of dangerous drugs if, as relevant here, the person knowingly possesses methamphetamine. Ariz. Rev. Stat. ("A.R.S.") §§ 13-3401(6), -3407(A)(1) (2018). A person commits possession of drug paraphernalia if, as relevant here, the person possesses with the intent to use drug paraphernalia to pack, repack, store, contain, or conceal an illicit drug. A.R.S. § 13-3415(A). Our review of the record reveals sufficient evidence upon which the jury could determine, beyond a reasonable doubt, that Navarro is guilty of the charged offenses.

¶7   The record reflects that all proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. The record further reflects that Navarro was represented by counsel at all stages of the proceedings and was present at all critical stages, including the entire trial and the verdict. *See State v. Conner*, 163 Ariz. 97, 104 (1990) (right to counsel); *State v. Bohn*, 116 Ariz. 500, 503 (1977) (right to be present at critical stages).

The jury was properly composed of twelve jurors, and the record shows no evidence of jury misconduct. A.R.S. § 21-102; Ariz. R. Crim. P. 18.1(a). The court properly instructed the jury on the elements of the charged offenses, the State's burden of proof, and Navarro's presumption of innocence. At sentencing, Navarro had the opportunity to speak, and the court stated on the record the factors it found in imposing the sentences. Ariz. R. Crim. P. 26.9, 26.10. The sentences imposed are within the statutory limits. A.R.S. §§ 13-703(J), -3407(A)(1), -3415(A).

## CONCLUSION

**¶8**        This Court has searched the record for fundamental error and has found none. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (1999) (in an *Anders* appeal, "the court reviews the entire record for reversible error"). Accordingly, Navarro's convictions and resulting sentences are affirmed.

**¶9**        Upon filing of this decision, defense counsel is directed to inform Navarro of the status of the appeal and of his future options. Defense counsel has no further obligations unless, upon review, counsel identifies an issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Navarro has thirty days from the date of this decision to proceed, if he desires, with an *in propria persona* motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:  AA